

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

DAVID CREWS, CLERK
BY_____
Deputy

v.

|  |  |
|---|---|
| **FREDERICK EVANS** | **CRIMINAL NO: 3:15 CR048** |
| **TIMOTHY AUBRY** | **21 U.S.C. § 841** |
| **ERIC AUBRY** | **21 U.S.C. § 846** |
| **ROGER BRIGGS** | **18 U.S.C. § 1956** |
| **TRAVIS REDDIX** |  |
| **MARCUS PRICE** |  |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

Commencing on or about July 2013, and continuing until at least February 2015, in the Northern District of Mississippi and elsewhere, the defendants, FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, ROGER BRIGGS, TRAVIS REDDIX, and MARCUS PRICE did knowingly and willfully combine, conspire, and agree with each other and persons both known and unknown to the Grand Jury to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

From on or about July 2013, and continuing until at least February 2015, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, defendant, FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, and ROGER BRIGGS, and others, did unlawfully knowingly and intentionally combine, conspire, and agree with other

persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Section 1956, to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of cocaine, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, and ROGER BRIGGS and others would and did distribute and possess with intent to distribute cocaine in the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, and ROGER BRIGGS would and did conduct financial transactions. TIMOTHY AUBRY and ERIC AUBRY directed ROGER BRIGGS to pick up proceeds from drug transactions from co-conspirators, including EVANS and store them in a hidden compartment in vehicles in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity. The proceeds were concealed in a hidden

2

compartment in a vehicle that BRIGGS operated. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

It was also part of the conspiracy that EVANS would and did conduct financial transactions. EVANS obtained a loan from a financial institution which was secured by a certificate of deposit, which he purchased in the amount of $30,000.00. EVANS made cash payments on the loan using proceeds from drug trafficking. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity all in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

On or about July 24, 2013, in the Northern District of Mississippi, the defendant TRAVIS REDDIX did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FOUR

On or about August 7, 2013, in the Northern District of Mississippi, the defendant TRAVIS REDDIX did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FIVE

On or about August 9, 2013, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a

3

Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIX

On or about September 12, 2013, in the Northern District of Mississippi, the defendant TRAVIS REDDIX did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SEVEN

On or about October 24, 2013, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT EIGHT

On or about October 31, 2013, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT NINE

On or about November 21, 2013, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

4

## COUNT TEN

On or about December 4, 2013, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT ELEVEN

On or about July 9, 2014, in the Northern District of Mississippi, the defendant TRAVIS REDDIX did unlawfully, knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT TWELVE

On or about July 17, 2014, in the Northern District of Mississippi, the defendant TRAVIS REDDIX did unlawfully, knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT THIRTEEN

On or about August 19, 2014, in the Northern District of Mississippi, the defendant FREDERICK EVANS did unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FOURTEEN

On or about August 26, 2014, in the Northern District of Mississippi, the defendants, TIMOTHY AUBRY, ERIC AUBRY, FREDERICK EVANS, MARCUS PRICE, and TRAVIS

REDDIX being aided and abetted, each by the other, did unlawfully, knowingly and intentionally possess with the intent to distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2.

### Forfeiture Provision

The allegations contained in Counts One, and Three through Fourteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, ROGER BRIGGS, TRAVIS REDDIX, and MARCUS PRICE, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, the allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants FREDERICK EVANS, TIMOTHY AUBRY, ERIC AUBRY, and ROGER BRIGGS, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

6

If any of the property described above, as a result of any act or omission of the defendant[s]:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

**A TRUE BILL**

_Felicia C. Adams_
**UNITED STATES ATTORNEY**

          _/s/ Signature Redacted_
          **FOREPERSON**

7